IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01292-SKC-CYC

DWAYNE A. MILLER, JR., also known as Dwayne Allen Miller, Jr.,

    Plaintiff,

v.

HIZEL STEVENS HUNELY,

    Defendant.

---

## MINUTE ORDER

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on January 13, 2026.**

    This matter is before the Court on plaintiff Dwayne A. Miller Jr.'s Motion Asking the Honorable Court to Grant Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 57. On January 9, 2026, the defendant filed a response noting that the defendant takes no position regarding the plaintiff's motion seeking leave to amend that was filed at ECF No. 52. However, given that ECF No. 52 was denied without prejudice on December 16, 2025, ECF No. 55, the Court construes the response, ECF No. 62, as a response to ECF No. 57.

    With that preamble in place, the Court considers the plaintiff's request to amend. Under Federal Rule of Civil Procedure 15, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the defendant does not raise any of these grounds and the Court's independent analysis finds that amendment is warranted. This aligns with "the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, No. 09-cv-01677-WYD-KLM, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

    First, amendment was not unduly delayed. Delay is undue "when the party filing the motion has no adequate explanation for the delay" or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). The plaintiff sought leave to amend about a month after the defendant filed a Rule 12

motion and just a few days after the Scheduling Conference, which was the first opportunity the plaintiff had to discuss this case with the Court.

And, while the plaintiff was previously granted leave to amend, ECF Nos. 5 and 9, that was part of the Court's initial review. This is the plaintiff's first amendment after the defendant made the plaintiff aware of potential deficiencies in his complaint through the filing of a motion to dismiss. ECF No. 41. And it does not appear that the plaintiff is "making the complaint a moving target." *Jordan West Cos. Ltd. v. Native Rank, Inc.*, No. 18-cv-02165-RM-NRN, 2019 WL 3936984, at *2 (D. Colo. Aug. 5, 2019).

Nor would amendment cause the defendant undue prejudice. Undue prejudice occurs when an amendment unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quotation marks omitted). This happens most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. The proposed Second Amended Complaint concerns the same subject matter discussed in the Amended Complaint, ECF No. 11, and discovery has just begun. *See* ECF No. 51; *see Childers v. Indep. Sch. Dist. No. 1 of Bryan Cnty.*, 676 F.2d 1338, 1343 (10th Cir. 1982) (finding denial of leave to amend improper when "the subject matter of the amendment was already alleged in the complaint").

Finally, as to futility, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). The defendant offers no argument that amendment is futile and, as Judge Ebel explained in *General Steel Domestic Sales, LLC v. Steel Wise, LLC*, delving into a futility analysis at this early juncture "place[s] the cart before the horse." 2028 WL 2520423, at *4 (D. Colo. June 20, 2008). Accordingly, the Court need not engage in a futility analysis at this point.

Given the above, it is hereby ORDERED that the plaintiff's Motion Asking the Honorable Court to Grant Leave to Amend Complaint Pursuant to Federal Rule of Civil Procedure 15(a), ECF No. 57, be **GRANTED**. It is further ORDERED that the Clerk of the Court accept the Second Amended Complaint, ECF No. 57-1, for filing and docket it as a separate document.

It is further ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 41, is **DENIED as moot**. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded.").