IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01292-SKC-CYC

DWAYNE A. MILLER, JR., also known as Dwayne Allen Miller, Jr.,

    Plaintiff,

v.

HIZEL STEVENS HUNELY,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on plaintiff Dwayne A. Miller Jr.'s Motion for Monetary Sanction Pursuant to Fed. R. Civ. P. 11(b)(1). ECF No. 71. The plaintiff seeks sanctions under Federal Rule of Civil Procedure 11 based on the filing of Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 66. The plaintiff's request appears to be based on the fact that the defendant's counsel filed the motion. He avers that it is "presented for improper purposes" because he "has already answered" and "to cause unnecessary delay." ECF No. 71 at 1.

    To clarify the pleading timeline in this case, the Court reminds the plaintiff that he requested and was granted leave to amend his claims, ECF No. 63 at 2, and, therefore, the Second Amended Complaint, ECF No. 64, is now the operative complaint. As a result, the defendant's prior partial motion to dismiss, ECF No. 41, was denied as moot. ECF No. 63 at 2. This means that the Court never considered the defendant's arguments for

dismissal. In addition, under Federal Rule of Civil Procedure 12, the defendant was required to respond to the Second Amended Complaint as if it was the only complaint filed in the case. The defendant could not simply point to an earlier-filed motion to dismiss or answer. In short, the plaintiff's amendment of the complaint required the defendant to file the new partial motion to dismiss, ECF No. 65, and partial answer, ECF No. 65. What is more, the Court's denial of the prior-filed motion to dismiss without prejudice means the plaintiff's response to that motion, ECF No. 56, will not be considered by the Court.

Rule 11 of the Federal Rules of Civil Procedures states that by presenting and signing a motion, the attorney is "certif[ying] that to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the motion's "legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). "[T]he central purpose of Rule 11 is to deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and district courts have "broad discretion to impose Rule 11 sanctions[.]" *Id*. at 407. The award of Rule 11 sanctions is a two-step process: first the district court must find a Rule 11 violation and then the district court may impose an appropriate sanction. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). The standard of Rule 11 is one of "reasonableness under the circumstances." *Burkhart v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986) (citing Fed. R. Civ. P. 11, advisory committee's notes on 1983 amendment).

However, the rule also includes a safe harbor provision. Rule 11(c)(2) states: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). **The motion must be served**

**under Rule 5, but it must not be filed or be presented to the court** if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requires that "a copy of the actual motion for sanctions [ ] be served on the person[ ] accused of sanctionable behavior at least twenty-one days prior to the filing of that motion." *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (discussing earlier version of Rule 11). A failure to comply with this requirement is fatal to the motion. *Prairie Walk Condo. Ass'n v. Am. Ins. Co.*, No. 22-cv-00870-DDD-KAS, 2025 WL 2256852, at *4 (D. Colo. Aug. 6, 2025). Because the motion offers no evidence of compliance with Fed. R. Civ. P, 11(c)(2) and without awaiting a response from the defendant, *see* D.C.COLO.LCivR 7.1(d), it is hereby ORDERED that the plaintiff's Motion for Monetary Sanction Pursuant to Fed. R. Civ. P. 11(b)(1), ECF No. 71, is **DENIED**.

DATED this 2nd day of March, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge