IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01292-SKC-CYC

DWAYNE A. MILLER, JR., also known as Dwayne Allen Miller, Jr.,

Plaintiff,

v.

HIZEL STEVENS HUNELY,

Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 101 (the "Motion"). Oral argument will not materially assist in the resolution of this matter and the Motion, and the time for the defendant to respond has elapsed. *See* D.C.COLO.LCivR 7.1(d). The plaintiff's first motion for appointment of counsel, ECF No. 53, was denied without prejudice as premature. ECF No. 68. Due to changed circumstances and the more advanced procedural posture of the case, the instant motion is **GRANTED**.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on April 24, 2025. ECF No. 1. He was granted leave to proceed in forma pauperis and was ordered to amend his complaint. ECF Nos. 4–5. The plaintiff twice more sought and was granted leave to amend his complaint. ECF Nos. 57, 63, 76, 78. The plaintiff's Third Amended Prisoner Complaint, ECF No. 80, is the operative pleading.

The plaintiff alleges that on November 1, 2024 at the Centennial Correctional Facility, the defendant tased him while he was restrained and compliant, violating his Eighth Amendment rights by using excessive force. ECF No. 80 at 5.

In response to the plaintiff's previous complaints in this case, the defendant filed partial motions to dismiss. ECF Nos. 41, 66. However, in response to the operative pleading, she elected to submit an answer admitting that she deployed her taser but otherwise denying the plaintiff's allegations instead. ECF No. 81. The parties are currently engaged in discovery practice. Under the Scheduling Order, the Discovery Cutoff was September 24, 2026 and the Dispositive Motions Deadline is October 26, 2026. ECF No. 51.

On August 10, 2026, the defendant moved to compel discovery responses from the plaintiff under Federal Rule of Civil Procedure 37, alleging that he had not responded to her request for production of documents and has refused to provide a medical release. ECF No. 92. A week later, the defendant moved to amend the scheduling order to extend the Discovery Cut Off and Dispositive Motions Deadline by 110 days each. ECF No. 95. The plaintiff was permitted until September 25 to respond to the defendant's motions but did not do so. ECF No. 98. Instead, on September 24, he filed the instant motion requesting appointment of counsel. ECF No. 101. This is the plaintiff's second motion for appointment of counsel. ECF No. 53. The first one was denied without prejudice as premature. ECF No. 68.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing

*Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

Although the plaintiff's previous motion for appointment of counsel was denied, the circumstances have changed sufficiently that the balance of factors under *Hill* and D.C.COLO.LAttyR 15(f)(1)(B) now weigh in favor of the appointment of counsel. Initially, the case is in a different posture. At the time of the plaintiff's prior motion, the defendant's partial motion to dismiss was pending, and it was therefore unclear whether and how much discovery would be necessary. After the plaintiff filed the operative pleading, however, the defendant elected to instead submit an answer in response and defend against the complaint on the merits. Therefore, while it is still as yet unclear whether the plaintiff's claim has merit, it will not be disposed of on a motion to dismiss. Because the case is, at a minimum, going to be litigated through full discovery and, likely, one or more motions for summary judgment, the appointment

of counsel will facilitate the just, speedy, and inexpensive resolution of the plaintiff's claim. Next, the plaintiff's ability to effectively participate in this stage of the case now appears doubtful. Although the plaintiff successfully managed the earlier parts of the litigation, the defendant claims that he has not responded to her requests for production or provided a medical release necessary for the taking of discovery related to his medical condition in a case alleging physical injury from the excessive use of force. Despite being afforded over a month to respond to these omissions, the plaintiff never offered an explanation or counterargument. Therefore, the Court concludes that the appointment of counsel would help secure the orderly and timely progress of this case. Therefore, the interest of justice, including the "benefits to the court," supports the appointment of counsel at this stage. D.C.COLO.LAttyR 15(f)(1)(B)(iv). Altogether, the balance of the factors now weigh in favor of appointment of counsel.

In granting the relief sought, the plaintiff is reminded that "the Court cannot force an attorney to take the case, but it can ask." *Pettigrew v. Long*, No. 23-cv-1294, 2024 WL 5336648, at *4 (D. Colo. Aug. 15, 2024). And so, it will.

## CONCLUSION

For the foregoing reasons, the plaintiff's Prisoner Motion for Appointment of Counsel, ECF No. 101, is **GRANTED**.

The Clerk of Court is directed to select, notify, and seek appointment of counsel from the Civil *Pro Bono* Panel to represent the plaintiff in this matter for general purposes. The Court cautions that the plaintiff remains responsible for all case deadlines, discovery requirements, and scheduled matters, including hearings, depositions, motions, and trial.

Entered and dated this 22nd day of October, 2026, at Denver, Colorado.

BY THE COURT:



Cyrus Y. Chung
United States Magistrate Judge